**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1389**

———————

JOHN H. WRIGHT, Administrator of the Estate of Chad E. Price,

Plaintiff – Appellant,

v.

GRANVILLE COUNTY; SHERIFF BRINDELL B. WILKINS, JR.; CHARLES ROYSTER NOBLIN, JR.; WESTERN SURETY COMPANY; SANDRA OVERBY LIMERICK; HAROLD WOODY; BARIKA LYONS; DAVID LAMONT; WADE WOODY; STEVEN HAYES, JR.; JOHNNY EVANS; TERESA ROBINSON; ALFRED CARTER; ALIXZINE BENSON; BONNY HICKS,

Defendants – Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Richard E. Myers, II, Chief District Judge. (5:20-ct-03362-M)

———————

Argued: December 13, 2024                              Decided: March 3, 2025

———————

Before WILKINSON, KING, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge King and Judge Wilkinson joined.

———————

**ARGUED:** David W. McDonald, MCDONALD WRIGHT LLP, Greensboro, North Carolina, for Appellant. Brian Florencio Castro, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina, for Appellees. **ON BRIEF:** James R. Morgan, Jr., WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Chad Price died of fentanyl poisoning after he was detained overnight at Granville County Detention Center. The administrator of Price's estate sued the county and various other defendants, asserting violations of federal and state law. The district court granted summary judgment to the defendants on the federal-law claims and declined to exercise supplemental jurisdiction over the state-law claims. We affirm.

## I.

The district court committed no reversible error in dismissing the federal-law claims against the 15 individual defendants named in the complaint. The administrator has not appealed the district court's initial order that dismissed two of the individual defendants without prejudice, instead challenging only the district court's later grant of summary judgment to the 13 remaining individual defendants. On appeal, however, the administrator's brief makes no argument about 10 of those 13 individual defendants, and the administrator admitted at oral argument to having abandoned all claims against them. See Oral Arg. 3:45–4:06; see also *Mayfield v. National Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 377 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in [their] brief is to be deemed an abandonment of that issue."). When it comes to the individual defendants, we thus review only the district court's grant of summary judgment to corrections officials Alfred Carter, Sandra Limerick, and Barika Lyons. As always when reviewing a grant of summary judgment, our review is de novo. See, *e.g.*, *Randall v. United States*, 95 F.3d 339, 348 (4th Cir. 1996).

The district court did not err in granting summary judgment to the three defendants

3

whose dismissal the administrator challenges on appeal. The administrator sued those defendants under 42 U.S.C. § 1983, asserting they violated "Price's constitutional rights" by "fail[ing] to provide [him] with access to medical attention." Appellant Br. 14. Because Price was a pretrial detainee, that claim must be analyzed under the Fourteenth Amendment's Due Process Clause. See *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) ("[T]he Fourteenth Amendment, and not the Eighth Amendment, governs [a pretrial detainee's] claim."). To succeed on such a claim, the administrator would need to prove— as relevant here—that a particular defendant "knew or should have known" that Price "had a medical condition or injury that posed a substantial risk of serious harm" and the same "defendant's action or inaction posed an unjustifiably high risk of harm." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).

We conclude the administrator failed to create a genuine dispute of material fact about whether Carter, Limerick, or Lyons acted or failed to act "in the face of an unjustifiably high risk of harm that [was] either known or so obvious that it should [have] be[en] known." *Short*, 87 F.4th at 611 (emphasis removed). As the district court noted, the video evidence shows that Price "appear[ed] to be walking normally, d[id] not appear to be in medical distress and, when in the presence of officers, d[id] not seem to request medical assistance." JA 1508. And although the administrator contends the officers "simply . . . ignore[d]" "calls for assistance by Price and the other inmates in the 10-man cell," Appellant Br. 28, the video footage shows several instances when Price or other detainees pressed the call button and an officer responded within minutes. See *Scott v. Harris*, 550 U.S. 372, 380−81 (2007) (where a "version of events" is "utterly discredited"

4

by a video whose authenticity is not subject to reasonable dispute, a court should "view[ ] the facts in the light depicted by the videotape").

Price's death while in custody is undeniably tragic. But "[t]he law cannot demand that officers be mind readers," *Short*, 87 F.4th at 614 n.10 (quotation marks removed), and the administrator failed to create a genuine dispute of material fact about whether Price's serious medical needs were known or obviously should have been known to Carter, Limerick, or Lyons. We thus affirm the district court's grant of summary judgment to the individual defendants.

## II.

The administrator's lack of a valid claim against the individual defendants means his claims against Granville County and his official capacity claims against the county sheriff also fail.

The administrator argues the district court erred in dismissing his claims against the county because he "offered proof from which the trier of fact could conclude" that the county failed to train its officers, which caused "[t]he death from overdose that Price experienced." Appellant Br. 11, 23. But that is not enough to avoid summary judgment. Federal law does not permit suing municipalities for having constitutionally inadequate policies or failing to prevent even the most tragic harms. Rather, "at least in suits for damages," "municipalities *cannot* be liable under [42 U.S.C.] § 1983 without some predicate constitutional injury at the hands of [an] individual state officer." *Waybright v. Frederick Cnty.*, 528 F.3d 199, 203 (4th Cir. 2008) (alterations and quotation marks removed; emphasis added); accord *International Ground Transp. v. Mayor & City Council*

5

*of Ocean City*, 475 F.3d 214, 219 (4th Cir. 2007) ("[A] municipality may not be found liable for a constitutional violation in the absence of an unconstitutional act on the part of at least one individual municipal actor."). Because the administrator failed to create a genuine dispute of material fact about whether the harms Price suffered "were the result of constitutional violations" by any individual officer, his claims against the county also fail as a matter of law. *English v. Clarke*, 90 F.4th 636, 649 (4th Cir. 2024); see *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

The administrator's official capacity claims against the sheriff have the same basic problem. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against" the entity that employs the officer because that entity is "the real party in interest." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). For that reason, the administrator cannot maintain an official capacity action against the county's sheriff without a valid claim against the county itself. And because the administrator has no valid claim against the county, his official capacity claims against the sheriff also cannot succeed. See *English*, 90 F.4th at 649.

\*　　\*　　\*

The district court's judgment is

*AFFIRMED*.

6